UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | Cr. No. 13-cr-10245-MLW |
| ) | |
| JEREMY LAWRENCE          ) | |

MEMORANDUM AND ORDER REGARDING INTERVENTION

WOLF, D.J.                                           December 1, 2015

On August 14, 2013, defendant Jeremy Lawrence was indicted for possession of cocaine with intent to distribute, in violation of 21 U.S.C. §841(a)(1). Pursuant to 21 U.S.C. §853, the indictment sought forfeiture of the car Lawrence was driving when he was arrested. On October 27, 2014, Randolph Auto Brokers ("RAB") filed a Motion to Intervene and a Motion for Return of Property, arguing that it holds a lien on the car. For the following reasons, RAB's motions are denied without prejudice.

I.   BACKGROUND

On June 21, 2013, Lawrence was stopped by a Braintree police detective for a traffic violation. Lawrence was driving without a license in violation of M.G.L. c. 90, §10. During the stop, the detective discovered twenty-one bags of cocaine in Lawrence's possession. Lawrence was taken into custody and his car was seized.

On April 4, 2014, Lawrence filed a motion to suppress all evidence and information obtained incident to the traffic stop. That motion was denied after a hearing on August 27, 2015.

On October 27, 2014, RAB moved to intervene pursuant to Federal Rules of Criminal Procedure 14 and 47.[1] In an accompanying motion, RAB requests that the court order the United States to return the vehicle. RAB argues that it is the primary lien holder of the car. The affidavit supporting the motion for return of property states that Lawrence had purchased the car from RAB shortly before his arrest, that Lawrence had made no payments on the car at the time of his arrest, and that the car is the property of RAB.

On November 21, 2014, the government moved to strike RAB's claim and deny the motion to return the vehicle. The government argues that pursuant to 21 U.S.C. §853(n), third parties may not assert interests in property that is subject to forfeiture until after the entry of an order of forfeiture. Lawrence did not respond to RAB's motions. RAB did not reply to the government's motion.

---

[1] RAB did not "file a statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or states there is no such corporation," as is required by the Local Rules. See LR, D. Mass. 112.4. The court expects that if RAB makes any further submissions, it will comply with the Local Rules.

On October 1, 2015, the court ordered Lawrence and the government to confer and report, by October 30, 2015, whether they have reached an agreement to resolve this case or a trial will be necessary. On October 30, 2015, the court allowed Lawrence's motion to extend that deadline to November 16, 2015. On November 16, 2015, Lawrence reported that he anticipated resolving the case by pleading guilty. A hearing for that purpose is scheduled for December 1, 2015.

II. STANDARD

21 U.S.C. §853(k) restricts third parties from intervening in criminal proceedings to assert interests in property subject to forfeiture:

> Except as provided in subsection (n) of this section, no party claiming an interest in property subject to forfeiture under this section may -- (1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

21 U.S.C. §853(k). 21 U.S.C. §853(n) establishes procedures for the assertion of third-party interests:

> Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of [receipt or publication of notice that a forfeiture order has been entered], petition the court for a hearing[.]

Id. §853(n)(2).

The Supreme Court has rejected arguments that third parties should be allowed to assert their interests earlier in the process, explaining that "Congress has determined that §853(n) . . . provides the means by which third-party rights must be vindicated." Libretti v. United States, 516 U.S. 29, 44 (1995); see also United States v. Valentin-Acevedo, --- Fed. App'x ---, 2015 WL 5061805, at *2 (1st Cir. Aug. 28, 2015) ("§853(n) provides the only means for third parties to claim an interest in property subject to criminal forfeiture.").

III. ANALYSIS

RAB argues that it maintains a lien on the vehicle Lawrence drove at the time of the stop, which is now held by the government and subject to forfeiture. The government argues that under 21 U.S.C. §853, third parties may intervene only through statutorily prescribed procedures, see §853(k), and that those procedures are available only after an order of forfeiture, see §853(n). Defendant has not addressed this issue. RAB has not filed a reply. For the following reasons, RAB's motions are premature, and are being denied without prejudice. If Lawrence pleads or is found guilty and a preliminary order of forfeiture is entered, RAB may again seek to intervene as specified in 21 U.S.C. §853.

The Supreme Court has held that 21 U.S.C. §853(n) provides the exclusive means by which third parties can vindicate their rights in property subject to forfeiture. See Libretti, 516 U.S. at 44. The First Circuit, in a recent unpublished decision, reached the same conclusion. See Valentin-Acevedo, 2015 WL 5061805, at *2.

Under 21 U.S.C. §853, RAB may assert its interest in this property only after several steps that have not occurred here. First, a defendant must plead, or be found, guilty. Second, at the sentencing hearing, the court must order the forfeiture of property. See 21 U.S.C. §853(a). Third, upon the entry of such an order, "the United States shall publish notice of the order." See id. §853(n)(1). A third party asserting an interest in the property may then "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." See id. §853(n)(2). As none of these events have occurred, RAB's motion is premature.

IV. ORDER

For the foregoing reasons, RAB's Motion to Intervene (Docket No. 35) and Motion for Return of Property (Docket No. 36) are DENIED without prejudice.

/s/ Mark P. Wolf
UNITED STATES DISTRICT JUDGE