UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                          CRIMINAL ACTION NO. 13-10245-MLW

JEREMY LAWRENCE,
    Defendant.

REPORT AND RECOMMENDATION
ON MOTIONS TO SET ASIDE THE
FORFEITURE (#102) AND TO STRIKE (#147).

KELLEY, U.S.M.J.

I. Facts.

On December 1, 2015, defendant Jeremy Lawrence pled guilty to the one-count indictment on which this case is premised. (#74; #1 (the indictment)). Included in the indictment was a forfeiture allegation, which, pursuant to 21 U.S.C. § 853, necessitated the forfeiture of "any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense." (#1 at 2 ¶ 1.) In accordance with the forfeiture allegation, the government filed a bill of particulars that listed "one black 2008 BMW 535Xi," (the car) as the property to be forfeited. (#19 at 2.) On February 25, 2016, the district judge to whom this case is assigned, Wolf, J., issued a Preliminary Order of Forfeiture that listed the car as the property to be forfeited. (#90 at 2.)

On April 23, 2016, Randolph Auto Brokers (RAB) filed a Petition for a Hearing to Adjudicate the Validity of Interest in Property (the petition) in which RAB asserted "that it is the primary lien holder of the [car]." (#102 at 1.)   RAB attached the affidavit of Shawn P. Woodford (the Woodford affidavit) to the petition. Woodford claimed to be the owner of RAB and the true owner of the car, which had been leased to Mr. Lawrence, the defendant in the underlying criminal case. (#102-1 ¶¶ 3, 7.)  At some point after submitting the Woodford affidavit, counsel for RAB learned that several of the statements contained in the affidavit were false.[1] *See* #131 at 2-3; #141-1.

In an apparent effort to correct the inaccuracies in the Woodford affidavit, on March 20, 2017, RAB filed another affidavit, signed by Daniel Daugherty (the Daugherty affidavit). (#134.) The Daugherty affidavit asserted that Mr. Daugherty was in fact the owner of RAB and the true owner of the car. (#134 ¶¶ 2, 6.)

Counsel for RAB moved to withdraw from the case based on the problems with the Woodford affidavit. (#140.)  Meanwhile, the government moved to strike the claim filed by RAB for failing to comply with discovery obligations and sought a final order of forfeiture for the car. (#147.)[2]  On July 19, 2017, a hearing was held on the government's motion to strike and counsel's motion to withdraw. (#154.)  The court continued the matter to August 3 in order to

---

[1] On April 19, 2017, the government moved to strike the Woodford affidavit and any claim to the car advanced by Woodford. (#139.) On May 3, 2017, counsel for RAB moved to withdraw the Woodford affidavit. (#141.) The court allowed the motion to withdraw the Woodford affidavit after a hearing on August 3, 2017. *See* #158.

[2] The government also sought "reasonable costs" under Fed. R. Civ. P. 37(b)(2)(C) to include storage fees for the car and deposition costs for a deposition noticed by the government at which Mr. Daugherty failed to appear. At the August 8, 2017 hearing, after hearing argument, the court denied the government's request for deposition costs. *See* #158. The court will address the government's request for storage fees for the car in a separate order.

give Mr. Daugherty the opportunity to appear. On August 3, despite having received notice of the hearing, Mr. Daugherty did not appear. The court asked counsel for RAB whether she was moving to withdraw from the case because of ethical considerations having to do with Mr. Daugherty; counsel responded that she was. The court took counsel's motion to withdraw under advisement pending her filing a response to certain questions of the court.[3]  (#158.)  The case was continued to September 22, 2017 for a show cause hearing as to why the case should not be dismissed.

On August 23, counsel for RAB filed a motion to withdraw the Daugherty affidavit on grounds that it contained "inaccurate information"; the court allowed this motion. (##160, 164.) On September 22, 2017, Mr. Daugherty did not appear at the show cause hearing despite the fact that notice of the hearing had been sent to his residence. (#164.)

## II. Discussion.

RAB's Motion to Set Aside Forfeiture (#102) should be dismissed.[4]  Given that motions to withdraw both the Woodford affidavit and the Daugherty affidavit have been allowed, there is no evidence on the record that establishes that the car is owned by RAB. In addition, Mr. Daugherty, who in his affidavit held himself out as the owner of RAB and the car, has never come to court as ordered. The District Court should enter a final order of forfeiture as requested by the government. (#147 at 13.)

---

[3] The court ordered RAB's counsel to provide the court with a written statement as to why her filing of the motion to set aside forfeiture, including the filing of the Woodford and Daugherty affidavits, were not in violation of under Fed. R. Civ. P. 11(b)(3), that is, whether she performed an inquiry reasonable under the circumstances that the factual contentions in the filings had evidentiary support. (#158.) Counsel's response is the subject of a separate order by this court.

[4] The government's motion to strike RAB's claim, #147, is based on RAB's failure to comply with the court's discovery order. *See* #147 at 7-10. The court need not reach the merits of the government's argument, given that RAB's claim is facially deficient and unsupported.

III. Conclusion.

I RECOMMEND that the Motion to Set Aside Forfeiture (#102) be DISMISSED and that so much of the government's Motion to Strike the Claim Filed by Randolph Auto Brokers (#147) that requests that the motion be dismissed and a final order of forfeiture enter, be ALLOWED.

IV. Review by District Court Judge.

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

January 2, 2018

/s / M. Page Kelley  
M. Page Kelley  
United States Magistrate Judge